**E-FILED on** __8/11/06__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MORGAN STANLEY DW INC., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY COLLISON, and DEBORAH JURAN, <br><br> Defendant. | No. C-06-04827 RMW <br><br> TEMPORARY RESTRAINING ORDER <br><br> **[Re Docket No. 2]** |

Plaintiff Morgan Stanley DW Inc. ("Morgan Stanley") seeks a temporary restraining order, the primary goal of which is to prevent two recently-departed employees, who now work for a competitor of Morgan Stanley, from soliciting Morgan Stanley clients. The Court has considered the moving papers and defendants' declarations offered in opposition. For the reasons discussed below, the Court will issue a temporary restraining order.

## I. BACKGROUND

Defendants Jeffrey Collison ("Collison") and Deborah Juran ("Juran") were employed as brokers by Morgan Stanley and its predecessors (such as Dean Witter & Co.) for over fifteen years each. On August 4, 2006, both resigned their positions with Morgan Stanley and commenced employment with competitor RBC Dain Rauscher Inc. ("Dain Rauscher"). Each defendant's

employment contract provided that customer lists would be kept confidential, and that company records would not be copied by employees or disclosed to third parties except as necessary for business. Collison's contract further provided that he would "not solicit or attempt to solicit, directly or indirectly, any of Dean Witter's customers who were served by or whose names became know to the Employee while in the employ of Dean Witter." Soares Decl., Ex. A ¶ 2.1. Juran's contract provides that she will not for six months after her employment with Dean Witter ends "solicit or service any customers who were served by or whose names became known to Employee during Employment with Dean Witter."[1] *Id.*, Ex. B ¶ 4.

Both Collison and Juran sent out what appear to be form letters dated August 4, 2006. *See id.*, Exs. C, D. These letters announced their change of employment, provided information about their new firm, and requested that the recipient fill out and return enclosed paperwork to transfer his or her account to Dain Rauscher.

On August 10, 2006, Morgan Stanley filed a complaint against Collison and Juran. The complaint contained causes of action for breach of contract, conversion, trade secret misappropriation, breach of the duty of loyalty, and unfair competition. Morgan Stanley also sought a temporary restraining order prohibiting the defendants from further soliciting customers in violation of their employment contracts, enjoining them from further using Morgan Stanley records and immediately returning those records, and ordering the parties to engage in expedited arbitration in accordance with the National Association of Securities Dealers ("NASD") Code of Arbitration Procedure. Morgan Stanley notified the defendants on Wednesday, August 9, 2006, that it intended to file a complaint and seek a temporary restraining order, and the defendants have responded to date with a pair of short declarations.

## II. DISCUSSION

Provisions not to solicit clients after a change in employment are generally enforceable in California. *John F. Matull & Assocs., Inc. v. Cloutier*, 194 Cal. App. 3d 1049, 1054 (1987). Customer lists may be protected as trade secrets under California law. *Courtesy Temporary Serv.,*

---

[1] Morgan Stanley states that it is not seeking to enforce the "service" provision of the paragraph, only the "solicit" provision.

TEMPORARY RESTRAINING ORDER—No. C-06-04827 RMW
(RMWLC2)                                      2

*Inc. v. Camacho*, 222 Cal. App. 3d 1278, 1287 (1990). In similar circumstances, other district courts in California have granted injunctive relief to a brokerage firm seeking to prevent former employees from using client information for new employers. *See*, *e.g.*, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Garcia*, 127 F. Supp. 2d 1305 (C.D. Cal. 2000); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chung*, 2001 WL 283083 (C.D. Cal. 2001).

A district court has discretion to grant or deny a request for preliminary injunctive relief. *Earth Island Inst. v. U.S. Forest Service*, 442 F.3d 1147, 1156 (9th Cir. 2006). Under the traditional test for granting preliminary injunctive relief, the applicant must demonstrate: "(1) a likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships favors the applicant; and (4) whether any public interest favors granting an injunction." *Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003). Alternatively, "[t]he moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party." *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839-40 (9th Cir. 2001). The two parts of this alternative test "represent extremes of a single continuum, rather than two separate tests." *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) (internal citation and quotation marks omitted).

The limited facts before the Court indicate that Morgan Stanley is likely to prevail on its claims for breach of contract and trade secret misappropriation. Each defendant has sent at least one letter to a Morgan Stanley client that appears to violate the non-solicitation clause of each defendant's contract with Morgan Stanley. Morgan Stanely's client lists are likely to be found protectable as trade secrets under California law and to have been misappropriated by the defendants.[2] California courts have found that the solicitation of clients by a former employee can constitute irreparable harm. *See, e.g., Am. Credit Indem. Co. v. Sacks*, 213 Cal. App. 3d 622, 637 (1989). Though Collison and Juran complain about the treatment they received from Richard Soares, their former supervisor at Morgan Stanley, this mistreatment does not justify the

---

[2] That certain clients may also friends or social acquaintances of the defendants does not appear to alter the analysis.

TEMPORARY RESTRAINING ORDER—No. C-06-04827 RMW
(RMWLC2)                                                                 3

1 defendants soliciting Morgan Stanley's clients on the facts before the Court. A temporary
2 restraining order of short duration would not preclude the defendants from working in their chosen
3 field, it merely would restrict them from soliciting certain clients for a short period of time. The
4 balance of hardships thus tips in favor of Morgan Stanley. Finally, a temporary restraining order
5 will promote the public interest in the protection of trade secrets and enforcement of contracts.

### III.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Morgan Stanley's request for a temporary restraining order is GRANTED as follows:

1. This temporary restraining order shall become effective immediately upon the posting of a $1,000 undertaking by Morgan Stanley.

2. Collison and Juran (and those acting in concert with them) shall not engage in any new solicitations of clients they serviced while employed by Morgan Stanley.

3. The parties shall appear before the assigned judge, the Honorable Ronald M. Whyte, at 9 a.m. on Friday, August 18, 2006, for a hearing on a preliminary injunction. Morgan Stanley's application for a temporary restraining order shall be treated as its application for a preliminary injunction. Any opposition should be filed by Tuesday, August 15, 2006. Any reply is due by Wednesday, August 16, 2006.

4. Collison and Juran shall preserve all documents (paper, electronic, or otherwise) containing information regarding Morgan Stanley clients.

5. Pending further order of the Court, the parties may engage in expedited discovery as follows: Each side may depose two individuals for two hours each on five days' notice. Narrowly-tailored requests for production of documents shall be responded to within five days.

DATED: 8-11-06         /s/ electronic signature authorized
                       JEREMY FOGEL
                       United States District Judge

TEMPORARY RESTRAINING ORDER—No. C-06-04827 RMW
(RMWLC2)                                            4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Steven W. Brennan        swbrennan@swbf.net
Patrick J. Folan          pjfolan@swbf.net

**Counsel for Defendants:**

David H.S. Commins       david@commins.com
Kenneth C. Webster

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    8/11/06                                  /s/ JH
                                                          **Chambers of Judge Whyte**