*E-FILED 8/24/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MORGAN STANLEY DW INC., | NO. C 06-04827 RMW (RS) |
| Plaintiff, | **ORDER DENYING MOTION FOR PROTECTIVE ORDER** |
| v. | |
| JEFFREY R. COLLISON, ET AL., | |
| Defendants. | |

Before the Court is plaintiff's motion for a protective order, seeking to prevent defendants from taking a deposition under Rule 30 (b) (6) of the Federal Rules of Civil Procedure of a corporate designee of plaintiff. The motion was taken under submission on shortened time and without oral argument, pursuant to Local Civil Rule 6-3 (d) and Rule 7-1 (b), and as provided in the Court's order filed August 22, 2006 granting plaintiff's motion for an order shortening time. Upon consideration of all of the briefing filed in connection with this motion and of the entire record herein, the motion for a protective order will be denied.

At plaintiff's express request for expedited discovery made in its application for a temporary restraining order, Judge Fogel ordered that each party would be permitted to take two, two-hour, depositions. Although Judge Fogel's order used the term "individuals," nothing in the context of that order or in the circumstances under which it was issued implies that Judge Fogel was asked to or

1

intended to, distinguish between depositions of natural persons and depositions of corporate entities under Rule 30 (b) (6). In either case the deponent is an "individual," notwithstanding the fact that in a Rule 30 (b) (6) deposition the individual speaks for the entity. The context of Judge Fogel's order shows that the phrase "two individuals" was intended only as a limit on the number of deponents that could be required to appear, not on the capacity in which they would be testifying.

Plaintiff may be correct that in some cases an entity will be required to designate more than one individual to testify on its behalf in response to a particular deposition notice under Rule 30 (b) (6), if there is not one person who is "most knowledgeable" as to all of topics specified. Here, however, defendants are limited to two depositions in total, and each may consume no more than two hours. Defendants have elected to use one of those depositions for a deponent who is a natural person. As a result, in response to the Rule 30 (b) (6) deposition notice plaintiff is obligated only to make a good faith effort to identify one individual who is most qualified to testify to the broadest range of the topic areas specified in the notice as is practicable under the circumstances. Given that plaintiff will not be compelled to produce multiple deponents in response to this notice, and given the two hour time limit, it may turn out that defendants will not be able to make a full inquiry into all of the topics they have listed, but that simply is a result they will have to accept. It does not serve as a reason to prevent the deposition from going forward at all.[1]

Plaintiff's moving papers also argued that the deposition is inappropriate because "Judge Fogel clearly intended to keep the discovery focused and limited to matters directly related to the issues presented by Morgan Stanley's request for injunctive relief." In its supplemental brief, however, plaintiff expressly disclaims the notion that the discovery is no longer warranted given the stipulated order vacating the preliminary injunction, and instead represents that "counsel for the parties agreed that such discovery could be used in the NASD arbitration proceedings in this matter." Having agreed that expedited discovery remains appropriate even though there is no longer a request for injunctive relief, plaintiff cannot complain that the subject matter of defendants' inquiry does not, in plaintiff's view, directly relate to the claim for injunctive relief.

---

[1] In their opposition to this motion, defendants offer to narrow the scope of their inquiry to a degree. They shall honor that offer.

2

Accordingly, the motion for a protective order is hereby DENIED.

IT IS SO ORDERED.

Dated: August 24, 2006                    /s/ Nandor J. Vadas
                                          NANDOR J. VADAS
                                          United States Magistrate Judge

ORDER GRANTING MOTION TO SHORTEN TIME AND SETTING BRIEFING REQUIREMENTS
C 06-04827 RMW (RS)

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Steven W. Brennan    swbrennan@swbf.net

David H.S. Commins    david@commins.com,

Patrick J. Folan    pjfolan@swbf.net, jmriordan@bressler.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 8/24/06**                            **Chambers**

**By:**      **/s/ BAK**

ORDER GRANTING MOTION TO SHORTEN TIME AND SETTING BRIEFING REQUIREMENTS
C 06-04827 RMW (RS)