1 │ PATRICK J. FOLAN (STATE BAR #125340)
  │ STEVEN W. BRENNAN (STATE BAR #110256)
2 │ ST. JOHN, WALLACE, BRENNAN & FOLAN LLP
  │ 21515 Hawthorne Boulevard, Suite 1120
3 │ Torrance, California 90503-6504
  │ Telephone: (310) 792-1075
4 │ Facsimile:   (310) 792-0635                    *E-FILED 8/28/06*
  │ E-mail: swbrennan@swbf.net
5 │
  │ Attorneys for Plaintiff
6 │ Morgan Stanley DW Inc.

7

8 │              UNITED STATES DISTRICT COURT

9 │          NORTHER DISTRICT OF CALIFORNIA - SAN JOSE

10

11 │ Morgan Stanley DW Inc.,           )    CASE NO. C-06-04827 RMW
   │ a corporation,                    )
12 │                                   )
   │                Plaintiff,         )    [PROPOSED] STIPULATION FOR
13 │                                   )    PROTECTIVE ORDER AND
   │       v.                          )    ORDER THEREON
14 │                                   )
   │ Jeffrey R. Collison, an individual, and Deborah )
15 │ Juran, an individual,             )
   │                                   )
16 │                Defendants.        )
   │                                   )
17

18 │ STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER:

19 │        Plaintiff Morgan Stanley DW Inc. ("Morgan Stanley") and Defendants Jeffrey

20 │ Collison and Deborah Juran, by and through their respective attorneys, hereby stipulate and

21 │ agree as follows:

22 │        The above-entitled action (the "Action") may involve disclosure of confidential and

23 │ proprietary business and financial information.  In light of this fact, the parties to this

24 │ Stipulation for Protective Order and Protective Order (the "Protective Order") hereby

25 │ stipulate that the following protective order be entered by the Honorable Ronald M. Whyte.

26 │        1.     All documents, testimony or other information obtained through or in

27 │ connection with this Action (including documents produced by the parties to this Action,

28

1    any third party or third party witnesses through discovery or otherwise) shall be designated
2    and treated as "Confidential" or "Confidential-Attorneys' Eyes Only" under this Protective
3    Order.  Either party may dispute the designation of any document, testimony or other
4    information as "Confidential - Attorney Eyes Only" by filing a motion with the United States
5    District Court no later than ten (10) days after production of the disputed documents,
6    testimony or information.  Such documents, testimony or information shall continued to be
7    treated as "Confidential - Attorneys' Eyes Only" until a final decision by the United States
8    District Court.

9         2.      Such "Confidential" documents or other information may be disclosed and
10   accessible only as follows:

11        (a)     To the individual defendants;

12        (b)     To the attorneys of record, as well as Morgan Stanley's and third party RBC
13   Dain Rauscher's in-house counsel, and employees of such attorneys to whom it is necessary
14   that the material be shown for the purposes of the Action;

15        (c)     To the employees, officers, and directors of Morgan Stanley and third party
16   RBC Dain Rauscher to whom it is reasonably necessary that the material be shown for
17   purposes of the Action;

18        (d)     To expert witnesses or consultants who are employed by a party or its attorneys
19   of record in this Action to assist in the preparation of this case for trial, provided that each
20   person to whom disclosure is made pursuant to this paragraph 2(d) agreed to be bound by
21   this Protective Order pursuant to paragraph 5 below;

22        (e)     To court reporters involved in transcribing deposition or other proceedings in
23   this Action;

24        (f)     To non-party deponents or witnesses, but only in preparation for or during the
25   course of their deposition in this Action, and such documents or information may not be
26   disclosed or used for or in any other judicial, administrative or other proceeding of any kind
27   whatsoever; provided that each person to whom disclosure is made pursuant to this

28

[Proposed] STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1  paragraph 2(f) has been shown a copy of and has agreed to be bound by this Protective

2  Order pursuant to paragraph 5 below; and

3       (g)   Such other persons as hereafter may be designated by written agreement

4  between the parties to this Action or by order of the United States District Court upon

5  noticed motion.

6       3.   Such "Confidential-Attorneys' Eyes Only" documents or other information

7  may be disclosed and accessible only to Kenneth Webster, David H.S. Commins, Patrick

8  Folan, or Steven Brennan.  Notwithstanding Paragraphs 2 and 3, such documents or other

9  information may be used in the Action provided that they are lodged or filed with the United

10  States District Court in accordance with all applicable rules of court.

11       4.   "Confidential" or "Confidential-Attorneys' Eyes Only" documents, testimony

12  and other information, and all copies, abstracts, compilations, extracts, and complete or

13  partial summaries of any "Confidential" or "Confidential-Attorneys' Eyes Only" documents,

14  testimony and other information, shall be used by the person to whom it is disclosed solely

15  for purposes of this Action, and recipients shall not disseminate the information to anyone

16  except pursuant to the terms of this Protective Order or as the United States District Court

17  may otherwise direct.  "Confidential" or "Confidential-Attorneys' Eyes Only" documents,

18  testimony and other information, and all copies, abstracts, compilations, extracts, and

19  complete or partial summaries of any "Confidential" or "Confidential-Attorneys' Eyes Only"

20  documents and information, shall not be used for any business or other purpose unless

21  agreed to in writing by all parties to this Protective Order, or as authorized by further order

22  of the United States District Court upon noticed motion.

23       5.   Except by written consent of the producing party, each person to whom

24  "Confidential" documents or other information is disclosed hereunder, prior to the time he

25  or she receives the information in any form whatsoever, shall be provided with a copy of this

26  Protective Order and shall certify that he or she has read the Protective Order, fully

27  understands its terms, and will be bound by its terms by signing a certificate in the form set

28

[Proposed] STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1   forth in Exhibit "A." Counsel making disclosure to any such person shall retain the original
2   executed copy of the certificate.

3       6.      At the conclusion of the Action and of any appeals or upon other final
4   termination of this matter, all documents, testimony, and other information received pursuant
5   to the provisions of this Protective Order (and all copies, abstracts, compilations, extracts,
6   and complete or partial summaries of the documents and other information) shall be,
7   following request by the producing party, promptly returned to the producing party. The
8   provisions of this Protective Order insofar as they restrict the communication and use of
9   "Confidential" or "Confidential-Attorneys' Eyes Only" documents, testimony, or other
10  information shall, absent written permission of the producing party or further order of the
11  United States District Court, continue to be binding on all parties subject to the terms of the
12  Protective Order, notwithstanding the entry of any judgment or dismissal herein.

13      7.      The designation of documents, testimony, or other information as
14  "Confidential" or "Confidential-Attorneys' Eyes Only" under and through this Protective
15  Order is intended solely to facilitate the preparation and trial of this Action. Treatment by
16  counsel or the parties of such material in conformance with the designation shall not be
17  construed as an admission, by any party, that the designated document, testimony, or other
18  information contain trade secrets, proprietary information or is otherwise confidential
19  information. Conversely, failure to so designate any document, testimony, or other
20  information shall not constitute a waiver of any party's claim either within or outside this
21  Action that any such documents or other information do contain trade secrets, proprietary
22  information or is otherwise confidential information.

23      8.      This Protective Order may be modified by further order of the United States
24  District Court or by written agreement of the parties or their counsel, subject to the approval
25  of the United States District Court, provided that any such agreement be in the form of a
26  stipulation that shall be filed with the United States District Court and made a part of the
27  record in this Action.

28

[Proposed] STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1    9.     Notwithstanding the foregoing provisions, this Protective Order shall be
2  without prejudice to the right of any party to challenge the propriety of discovery on other
3  grounds, and nothing contained herein shall be construed as a waiver of any objection that
4  might be raised as to the admissibility at any proceeding in this Action of any evidentiary
5  material.  The parties reserve all rights to apply to the United States District Court for an
6  order modifying this Protective Order or seeking further protection.

7    10.    This Protective Order shall not preclude any party from introducing
8  "Confidential" or "Confidential-Attorneys' Eyes Only" documents or information into
9  evidence in the trial in this Action.

10   11.    This Protective Order shall not preclude the parties to this Action from
11 agreeing in writing to an alternative procedure for any particular documents or information.

12   12.    Nothing contained herein shall be deemed a waiver of either party's right to
13 object and withhold documents or refuse to respond to discovery, subject to a ruling by the
14 United States District Court on the grounds that the information or documentation is subject
15 to a privilege, is a trade secret, or is private or confidential information.  In the event any
16 document or information is the subject of a subpoena, within two business days of receipt
17 of the subpoena, the party that has received the subpoena or order to produce shall
18 immediately notify counsel for the party whose documents or information are subject to the
19 subpoena to allow that party the opportunity to object to the subpoena or move to quash the
20 subpoena.

21   13.    Any document designated "Confidential" or "Confidential - Attorney's Eyes
22 Only" that is made an exhibit to any deposition in this Action, and any deposition testimony
23 that is designated "Confidential" or "Confidential - Attorney's Eyes Only," shall be bound
24 by the reporter in a separate volume which shall be labeled "Confidential" or "Confidential
25 - Attorney's Eyes Only."

26   14.    It is the intention of the parties to submit a stipulation for protective order to
27 the arbitration panel of the NASD Dispute Resolution, Inc. assigned to hear this matter as

28

[Proposed] STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1   soon as practical so as to continue the protection established hereunder to and through the

2   NASD arbitration proceeding.

3

4   Dated: August 25, 2006                    ST. JOHN, WALLACE, BRENNAN
                                              & FOLAN LLP
5

6
                                              By:_____/s/_____
7                                                  Steven W. Brennan
                                                   Attorneys for Plaintiff
8                                                  Morgan Stanley DW Inc.

9   DATED: August 25, 2006                    COMMINS, TEMPLETON & WEBSTER P.C.
10

11
                                              By:_____/s/_____
12                                                 Kenneth C. Webster, Esq.
                                                   Attorneys for Defendants
13

14  **IT IS SO ORDERED.**

15  DATED: _August 28, 2006_                        /s/ Nandor J. Vadas
16                                              _____
                                                XXXXXXXXXXXXXXXXXXXXX
17                                              NANDOR J. VADAS
                                                United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28
                                           6

1   PATRICK J. FOLAN (STATE BAR #125340)
    STEVEN W. BRENNAN (STATE BAR #110256)
2   ST. JOHN, WALLACE, BRENNAN & FOLAN LLP
    21515 Hawthorne Boulevard, Suite 1120
3   Torrance, California 90503-6504
    Telephone: (310) 792-1075
4   Facsimile:  (310) 792-0635
    E-mail: swbrennan@swbf.net
5
    Attorneys for Plaintiff
6   Morgan Stanley DW Inc.

7

8                    UNITED STATES DISTRICT COURT

9            NORTHER DISTRICT OF CALIFORNIA - SAN JOSE

10

11  Morgan Stanley DW Inc.,                )   CASE NO. C-06-04827 RMW
    a corporation,                         )
12                                         )   **CERTIFICATE   REGARDING**
                        Plaintiff,         )   **CONFIDENTIALITY**
13                                         )
                                           )
14            v.                           )
                                           )
    Jeffrey R. Collison, an individual, and Deborah)
15  Juran, an individual,                  )
                                           )
16                      Defendants.        )
                                           )
17  ─────────────────────────────────────

18  //

19

20  //

21

22  //

23

24  //

25

26  //

27

28
                                    1
    [Proposed] STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

1         I hereby certify that I have received a copy of and have carefully read the Protective

2   Order in this case and that I fully understand the terms of the Court's Order.  I agree to be

3   bound by the terms of that Order, and I agree to comply with those terms.  I agree that any

4   information which I receive pursuant to that Order and this Certificate shall not be used for

5   any purpose other than in connection with the prosecution or defense of this matter and shall

6   not be revealed by me to any person except in compliance with the Order.

7

8   Executed   on   _____,   200__,   at   _____,

9   _____.

10

11                                                          _____

12                                                          (Signature)

13

14

15   Name:_____

16

17   Affiliation:_____

18

19   Business Address:_____

20

21   Home Address:_____

22

23

24

25   ....MSDW\Collison\Protective Order USDC.wpd

26

27

28
                                                    2